DERICK E. KONZ, ESQ., SB No. 286902
dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendant NAPA EMERGENCY WOMEN'S SERVICES ("N.E.W.S.")

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIK RANDALL MILNER,<br><br>         Plaintiff,<br><br>   vs.<br><br>DUSTIN DODD, et al.,<br><br>         Defendants. | Case No.: 3:25-cv-03428-JSC<br><br>**DEFENDANT N.E.W.S.'s MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:         **September 25, 2025**<br>Time:         **10:00 a.m.**<br><br>**San Francisco Courthouse, Courtroom 8**<br>**Judge Jacqueline Scott Corley** |

**NOTICE**

TO PLAINTIFF ERIK RANDALL MILNER IN PROPRIA PERSONA: PLEASE TAKE NOTICE that on September 25, 2025 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 8 at 450 Golden Gate Ave., San Francisco California 94102, Defendant NAPA EMERGENCY WOMEN'S SERVICES ("N.E.W.S.") will and hereby does move this Court for an order granting dismissal of all claims against NEWS alleged in your Complaint (ECF No. 1).

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that dismissal of all claims against N.E.W.S. is appropriate because the Complaint fails to allege facts sufficient to state claims upon which relief can be granted.  This motion is based on this notice, the memorandum of points and

authorities, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  SUMMARY OF ARGUMENT

Plaintiff brings this action against N.E.W.S. and four other defendants alleging one RICO claim.  The Complaint is too vague and conclusory to proceed.  It fails to allege sufficient facts that N.E.W.S. would be indictable for any crime, that Plaintiff suffered a concrete financial loss, or that N.E.W.S. was engaged in a pattern of racketeering activity.  N.E.W.S. respectfully request dismissal.

### II.  ALLEGED FACTS

Plaintiff appears to bring one claim against N.E.W.S. (and four other defendants) under 18 U.S.C. §§ 1961–1968, the Racketeer Influenced and Corrupt Organizations Act ("RICO").  He alleges the following predicate acts:

> **1**. **Extortion and Coercion**
> From approximately August 2023 through the present, Defendants engaged in coercion by explicitly threatening Plaintiff and family members with loss of child custody and reunification services unless they signed mandatory Release of Information (ROI) forms.
>
> **2. Mail & Wire Fraud**
> Defendants repeatedly misrepresented NEWS services as voluntary in publicly available communications while simultaneously mandating participation and exchanging coercive communications via electronic and postal means.
>
> **3. Fraud on the Court**
> Defendants submitted false statements and misleading information to Napa County Superior Court, directly influencing judicial decisions, case plans, and reunification processes.
>
> **4. Federal Grant Fraud**
> Defendants misused and misrepresented federal and state funds (VOCA, Title IV-E, DOJ, Cal OES grants) by fraudulently claiming voluntary client participation, while simultaneously mandating participation under threats.

Complaint at pp. 4-5.

He alleges that these predicate acts "occurred repeatedly (more than twice within ten years), meeting the definition of a pattern under 18 U.S.C. § 1961(5), and continue to the present

date." Complaint at p. 5. He alleges that he "has suffered significant harm, including violation of constitutional rights, emotional distress, mental suffering, and financial harm." Complaint at p. 5.

### III. STANDARD OF REVIEW

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) when there is either a lack of a cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory. *Taleff v. Southwest Airlines Co.*, 828 F. Supp. 2d 1118, 1121 (N.D. Cal. 2011).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ibid.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Ibid.* Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice. *Ibid.*

### IV.     LEGAL ARGUMENT

**A.     Plaintiff Does Not Plead Sufficient Facts to Establish Probable Cause for Any Predicate Crime Committed by N.E.W.S.**

18 U.S.C. § 1961(1) defines "racketeering activity" as "any act which is indictable under any of the following provisions of title 18, United States Code" and lists several predicate criminal offenses; i.e., a person who is indictable under the listed criminal statutes has committed "racketeering activity" for purposes of RICO. "Indictable" requires facts "tantamount to probable cause." *Medallion TV Enterprises Inc. v. SelecTV of California, Inc.*, 627 F. Supp. 1290 (C.D. Cal. 1986), *aff'd sub nom. Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360 (9th Cir. 1987). Racketeering activity is commonly referred to as "predicate acts." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

The Complaint fails to identify the criminal statute that N.E.W.S. allegedly violated. Moreover, the allegations are largely conclusory and do not plead facts that establish probable

cause for every element of the predicate acts.  For example, extortion means "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C. § 1951(b)(2).  Facts establishing these elements have not been pled.  For the fraud claims, they require that allegations be stated with particularity under Rule 9(b).  *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citation omitted); *Schreiber Distrib. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1400 (9th Cir.1986) (holding that the particularity requirements of rule 9(b) applies to RICO claims).  "Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 541 (9th Cir. 1989).   The Complaint does not attribute specific fraudulent activity to any particular individual defendant and does not specify a time other than "approximately August 2023 through the present."  This is insufficient.  *See Moore,* 885 F.2d at 541 (dismissing a RICO claim because "[t]he RICO claim in the investors' proposed third amended complaint does not attribute specific conduct to individual defendants.  The claim also does not specify either the time or the place of the alleged wrongful conduct other than to say: 'Commencing on or about October, 1982, and through and including March, 1983, within the Central District of California, and elsewhere, the defendants, and each of them devised, intended to devise and carried out, a scheme to defraud, …'  This is not sufficient.  Allegations of fraud under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in the scheme.").

To adequately plead a RICO claim, a plaintiff must plead facts sufficient to establish probable cause that the defendant committed each of the predicate acts.  The Complaint fails to do so and therefore should be dismissed.

**B.     Plaintiff Does Not Plead Sufficient Facts to Establish Concrete Financial Injury.**

A civil RICO plaintiff must demonstrate two things: harm to a "property interest and [a] financial loss." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005).  Determining whether there is "harm to a specific business or property interest [is] a categorical inquiry typically determined by reference to state law." *Id*.  "To demonstrate injury for RICO purposes, plaintiffs must show proof

of concrete financial loss, and not mere injury to a valuable intangible property interest." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001).

Here, the Complaint does not allege any concrete financial loss other than a vague and supported conclusion that Plaintiff suffered "financial harm." How these alleged acts caused any harm to plaintiff whatsoever is unexplained, much less how they caused him concrete financial loss. NEWS respectfully requests dismissal.

C. **Plaintiff Does Not Plead Sufficient Facts to Allege a Pattern of Predicate Acts.**

A RICO claim requires allegations of a pattern of racketeering activity which "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). "While two acts are necessary, they may not be sufficient." *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 481, 497 n. 14 (1985) (holding that the statutory language that a pattern "requires" rather than "means" two acts implies that "while two acts are necessary, they may not be sufficient" and noting that the legislative history "supports the view that two isolated acts of racketeering activity do not constitute a pattern"), cited by *Malasky v. Esposito*, No. 16-CV-04102-DMR, 2019 WL 79032, at *8 (N.D. Cal. Jan. 2, 2019).

To establish a RICO "pattern," courts consider (1) the relatedness of the predicate acts and (2) continuity. *Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987). Predicate acts are related if they have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989). However, predicate acts must be sufficiently alleged to have affected more than one victim to constitute a related pattern. *See, Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1535 (9th Cir. 1992) (dismissing a RICO claim because of no "pattern," holding, "although [plaintiff] alleges a number of 'acts,' [defendant's] collective conduct is in a sense a single episode having the singular purpose of impoverishing [plaintiff], rather than a series of separate, related acts"); *see also Medallion* at 1364 (dismissing a RICO claim because, although the plaintiff had alleged two predicate acts, they were part of the same scheme to defraud a single victim); *cf., Ticor Title Ins. Co. v. Florida,* 937 F.2d 447 (9th Cir.1991) (the conduct complained of was three separate acts of forgery by the defendant real estate company against three separate victims that involved acts that

were *distinct* and therefore could not be characterized as a single episode with a single purpose which happened to involve more than one act taken to achieve that purpose).

Here, the Complaint fails to allege with sufficient specificity when each of the predicate acts occurred. Moreover, there are no allegations that any of the acts harmed multiple victims over a period of time, much less harmed Plaintiff at all. N.E.W.S. respectfully requests dismissal.

## V.  CONCLUSION

The Complaint is too vague and conclusory to proceed against N.E.W.S. under a RICO theory. It fails to adequately plead predicate acts, a concrete financial loss to plaintiff, or a pattern of racketeering activity. N.E.W.S. respectfully requests dismissal.

Dated:  August 12, 2025                           ANGELO, KILDAY & KILDUFF, LLP

                                                                   */s/ Derick E. Konz*
                                                            By:_____
                                                                   DERICK E. KONZ
                                                                   Attorneys for Defendant N.E.W.S.

| | |
|---|---|
| CASE NAME: | *Milner v. Dodd, et al.* |
| COURT: | USDC Eastern District |
| CASE NO. | 3:25-cv-03428-JSC |

## PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 601 University Avenue, Suite 150, Sacramento, California 95825. I am over the age of 18 years and not a party to the above-entitled action.

On August 12, 2025, I served the parties in this action listed below the following document(s) described as: **DEFENDANT N.E.W.S.'s MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The above-named document(s) were served by the following means (*specify*):

☒ MAIL - I am readily familiar with Angelo, Kilday & Kilduff's practice for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business. (Code Civ. Proc. section 1013a(3)) or Fed.R.Civ.P. 5(a) and 4.1; USDC (E.D. CA) L.R. 5-135(a).)

<u>SERVICE LIST</u>

**Attorneys for Plaintiff:**
Erik Randall Milner
Napa County Department of Corrections
1125 Third Street
Napa, CA 94559

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 12, 2025 at Sacramento, California.

                                                        */s/ Rimsha Khan*
                                                         RIMSHA KHAN